UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| K.D. | CASE NO. 3:06CV 406 (WWE) |
| Plaintiff, | |
| v. | |
| CITY OF NORWALK, DETECTIVE DAVID O'CONNOR, SERGEANT DAVID WANNAGOT, SERGEANT STEPHEN COUTURE, POLICE CHIEF HARRY W. RILLING | |
| Defendant. | |

## RULING ON DEFENDANTS' MOTION TO RECONSIDER

Plaintiff K.D. alleges that the defendants City of Norwalk, Detective David O'Connor, Sergeant David Wannagot, Sergeant Stephen Couture, Police Chief Harry W. Rilling violated her civil rights by failing to investigate her claim of sexual assault, and by protecting her assailant. This case was filed with an accompanying motion to proceed under a fictitious name, which this Court granted.

Defendants subsequently filed a motion for reconsideration arguing that plaintiff should not be allowed to hide behind a fictitious name while she brings claims against the individual police officers, and that proceeding under a fictitious name is the exception not the rule.

## DISCUSSION

Generally, parties to a lawsuit must identify themselves in their respective pleadings. Fed.R.Civ.P 10(a). Requiring the complaint to include names of parties serves more than administrative convenience, it also protects the public's legitimate interest in knowing all of the facts involved, including identities of parties. Fed.R.Civ.P 10(a). See Doe v. Frank, 951 F.2d 320 (11th Cir. 1992). The ultimate test for deciding

whether plaintiff should be allowed to bring suit anonymously is whether plaintiff has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings.  Fed.R.Civ.P 10(a).  See Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981).

Circumstances meriting a fictitious name include: 1) a challenge to governmental activities, 2) a case requiring plaintiff to disclose information of the utmost intimacy, and 3) a case where a plaintiff would be compelled to admit intention to engage in illegal conduct.  Frank, 951 F.2d at 323.  The court should consider these factors in deciding whether plaintiff's identity should yield to plaintiff's privacy concerns. Frank, 951 F.2d at 323.

For the following reasons, the circumstances in this case do not overcome Fed.R.Civ.Pro 10's explicit requirement of disclosure.

Plaintiff alleges that she meets the conditions of the exception because the complaint involves information concerning her sexual assault, a subject of utmost intimacy, and because she is challenging a governmental authority.  Thus, her case for proceeding anonymously implicates the first two circumstances delineated by Frank.

In Doe v. Shakur, 164 F.D.R. 359 (S.D.N.Y. 1996), the district court distinguished between the need for anonymity in a criminal as opposed to a civil case for damages where plaintiff has voluntarily brought suit.  The district court held that fairness required that she be prepared to stand behind her charges publicly.  Likewise, in the instant case, plaintiff's claim concerns the *investigation* of the alleged sexual assault.  It does not actually concern the details of the sexual assault but rather the police's response to hearing her report of the alleged assault.  Plaintiff's complaint merely names individual officers who failed to arrest the perpetrator of the assault, but does not name the individual she alleges assaulted her.

Generally, parties to a lawsuit must identify themselves in their respective pleadings.  Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir. 1979).  In Frank, the court stated:

> Thus, because the plaintiffs were suing private individuals rather than a government agency, the court found *more* reason *not* to grant the plaintiffs' request for anonymity. Wynne & Jaffe does not stand, however, for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government.

Frank, 951 F.2d at 323.

Here, plaintiff has sued the City of Norwalk, Connecticut, but she has specifically named a Detective, two Sergeants and the Chief of Police of the Norwalk Police Department in the Complaint. As noted in Shakur, "if plaintiff were permitted to prosecute this case anonymously, [the defendant] would be placed at a serious disadvantage, for he would be required to defend himself publicly while the plaintiff could make her accusations from behind a cloak of anonymity..." Shakur, 164 F.D.R.at 361.

Lastly, plaintiff asserts that she "lives in fear of reprisals from the individual defendants as well as other members of the [police] department." Since these individuals are already aware of her identity because of their role as police investigators, proceeding under a fictitious name will not alleviate this alleged concern.

## CONCLUSION

For the above-mentioned reasons, this Court hereby GRANTS defendants' motion to reconsider [doc. #26]. The order granting plaintiff's motion to proceed under a fictitious name [doc. #4] is hereby VACATED. Plaintiff is hereby ordered to amend her complaint to include her name within 10 days of this ruling.

SO ORDERED.

_____/s/_____
WARREN W. EGINTON, SENIOR U.S. DISTRICT JUDGE

Dated this 14th day of June 2006 in Bridgeport, Connecticut.